UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 12-063-DCR |
| V. | ) ) | |
| THOMAS BUNN, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Thomas Bunn is currently serving a ten-year term of imprisonment after pleading guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Record No. 27] Because he was sentenced in Kentucky state court for violations of Kentucky law prior to his federal sentencing, the Court imposed the following sentence at his June 14, 2013, sentencing hearing:

> 120 MONTHS; 12 months to run concurrently with the defendant's sentence in Whitley County, Kentucky, Circuit Court Case Number 12-CR-00303; the remaining 9 years to run consecutively with his sentence in Whitley County, Kentucky, Circuit Court Case Number 12-CR-00303; the entire 120 MONTH sentence issued in the instant federal case is to run completely consecutively to any undischarged sentence imposed in the future for any offenses that might be considered relevant conduct to the instant federal offense and to any sentence imposed with regard to the defendant's pending parole violation in Louisiana.

[*Id.* at p. 2] Bunn is currently scheduled to be released from Bureau of Prisons custody on September 16, 2022. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.

Bunn has now filed a motion under Federal Rule of Civil Procedure 60(b), requesting "to amend [the] judgment to meet the Court's intentions at original sentencing." [Record No. 32] In short, he contends that he should only have to serve a nine-year term of imprisonment under his federal sentence because he received "credit for at least '1 year' served on the state sentence." [*Id.* at p. 7] Bunn has expressed similar confusion before. In 2017, he submitted a letter to the Court suggesting that his sentence calculation was inaccurate because it did not account for "12 months credit" given at sentencing. [Record No. 30] The Court denied relief for two reasons: (1) the BOP is responsible for calculating a defendant's release date, and (2) his projected release date did not exceed the imposed 120-month term of imprisonment. [Record No. 29] Both reasons continue to foreclose the relief Bunn seeks.

However, Bunn's motion also must be denied for procedural reasons. When over one year has passed since entry of a judgment, Rule 60(b) allows a court to relieve a party from the judgment only if he can establish that the judgment is void, has been satisfied, released, or discharged, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b); 60(c)(1). Motions must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).[1]

The Court need not reach the substance of Bunn's Rule 60(b) arguments here, for a simple reason: "[a] party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings." *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003) (citing Fed. R. Civ. P. 1; *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam)). Rule 60(b) may be used to seek relief after

---

[1] Bunn also notes that Rule 60(a) may apply if the Court finds a clerical error, but he points to no evidence of a clerical error. [Record No. 32, p. 6] Instead, he suggests that because the final judgment did not align with his preference, a clerical error must have occurred.

the denial of a 28 U.S.C. § 2255 motion, but no § 2255 motion has been filed or denied in this matter. *See United States v. Cockerell*, 2013 U.S. Dist. LEXIS 141252, at *4 (E.D. Ky. Oct. 1, 2013) (quoting *United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004). Therefore, in addition to raising arguments lacking in merit, Bunn is not entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Relief from Final Judgment to Amend Judgment to Meet the Court's Intention at Original Sentence Pursuant to Fed. R. Civ. P 60(b) [Record No. 32] is **DENIED**.

Dated: February 9, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky