UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 12-063-DCR |
| ) | and |
| V. ) | Civil Action No. 6: 21-091-DCR |
| ) | |
| THOMAS BUNN, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Thomas Bunn pleaded guilty on February 5, 2013, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [Record No. 20; 25] He was sentenced to a 120-month term of imprisonment on June 14, 2013. [Record No. 27] Bunn did not file a notice of appeal. However, he has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Bunn claims that the Supreme Court's 2019 decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), entitles him to relief. [Record No. 42]

Motions under Section 2255 are subject to a one-year limitation period, which "begins to run on the latest of four dates". 28 U.S.C. § 2255(f); *Simmons v. United States*, 974 F.3d 791, 793 (6th Cir. 2020). In most cases, this period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Bunn did not file a direct appeal, his criminal judgment became final on June 28, 2013, when the time in which he could appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Accordingly, Bunn's deadline to file a motion under Section 2255 was June 28, 2014.

Perhaps recognizing that his motion was filed almost seven years too late, Bunn contends that his claims are not time-barred because they are based on the Supreme Court's holding in *Rehaif*. [Record No. 42, p. 11] Another of the four possible dates when the limitation period can begin to run is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In *Rehaif*, the Supreme Court "clarified that the term 'knowingly' in the felon-in-possession statute applied to both the defendant's possession of a firearm and the defendant's status as a felon." *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citing *Rehaif*, 139 S. Ct. at 2200). Bunn argues that this means his "claims are based on a new rule of law." [Record No. 42, p. 11]

Bunn's argument fails for two reasons. As an initial matter, *Rehaif* has not been made retroactively applicable to cases on collateral review. *See Wallace v. United States*, 458 F. Supp. 3d 830, 834–35 (M.D. Tenn. 2020); *see also In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("[*Rehaif*] was not made retroactive to cases on collateral review by the Supreme Court."); *United States v. Burley*, 2020 U.S. Dist. LEXIS 78612, at *3–4 (N.D. Ohio May 5, 2020) (collecting cases). Additionally, even if *Rehaif* did fit subsection (f)(3)'s description, the Supreme Court decided it on June 21, 2019. That means the Section 2255's limitations period would have extended only to June 21, 2020, over eleven months ago.

In short, the fact that Bunn's claims are based in *Rehaif* does not render them timely under Section 2255. And given the applicable deadline (June 28, 2014), it appears that Bunn's motion is barred by the limitations period. Accordingly, it is hereby

**ORDERED** that Defendant Bunn is directed to **SHOW CAUSE** on or before **Friday, June 11, 2021**, why his motion under 28 U.S.C. § 2255 should not be dismissed as untimely.

Dated: May 28, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky